**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KLEO AG, | |
| *Plaintiff*, | |
| v. | No. 22-cv-01664 (DLF) |
| RIVADA NETWORKS, INC., | |
| *Defendant*. | |

## <u>ORDER</u>

Before the Court is the defendant's Motion to Dismiss, Dkt. 9.  For the reasons that follow, the Court will grant the defendant's motion and dismiss the plaintiff's complaint without prejudice. The Court will also grant the plaintiff leave to file an amended complaint.

As a preliminary matter, the defendant contends that the case should be dismissed under Rule 12(b)(6) because the plaintiff "lacks the capacity to bring this lawsuit." Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss at 7, Dkt. 11.  Although a plaintiff is not required to allege "capacity to sue" in a complaint, Rule 9(a)(2) of the Federal Rules of Civil Procedure permits a defendant to raise the issue "by a specific denial, which must state any supporting facts that are peculiarly within the [defendant's] knowledge."  Here, the defendant's capacity-to-sue argument relies entirely on factual allegations detailed in a declaration attached to its motion to dismiss.  See Def.'s Mem. at 8; Meister Decl., Dkt. 10.  Construing the defendant's motion to dismiss on this ground as a motion for summary judgment, *see Embassy of Fed. Republic of Nigeria v. Ugwonye*, 901 F. Supp. 2d 92, 93 n.1 (D.D.C. 2012), the Court finds that summary judgment in favor of the defendant is not appropriate, at least at this time.  The plaintiff has established that there is a

genuine dispute of material fact as to whether it has capacity to sue.  *See* Niedermueller Decl., Dkt. 20.  The Court therefore denies the defendant's motion on this basis.

As to the plaintiff's defamation claim, the defendant argues that the plaintiff has failed to state a claim under Rule 12(b)(6).  To state a claim for defamation, a plaintiff must sufficiently allege: (1) "that the defendant made a false and defamatory statement concerning the plaintiff"; (2) "that the defendant published the statement without privilege to a third party"; (3) "that the defendant's fault in publishing the statement amounted to at least negligence"; and (4) "either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm."  *Croixland Props. Ltd. P'ship v. Corcoran*, 174 F.3d 213, 215 (D.C. Cir. 1999).  Here, the defendant argues that the plaintiff has failed to plead facts establishing the first and fourth prongs.  Def.'s Mem. at 10–17.  In particular, the defendant contends that the six alleged statements are not actionable because they do not have defamatory meaning, and that two are also not verifiably false.  *Id.* at 11–15.  The defendant further contends that the alleged statements are not actionable as a matter of law without special damages.  *Id.* at 15–16.

At least as they are alleged in the instant complaint, it is questionable whether *all* six of the alleged statements are verifiably false and capable of defamatory meaning.  But even assuming that they are, the Court will dismiss the plaintiff's defamation claim for failure to allege damages because the statements are not actionable as a matter of law.  *See Smith v. Clinton*, 886 F.3d 122, 128–29 (D.C. Cir. 2018).  It is undisputed that the plaintiff did not plead special damages in its complaint.  *See* Pl.'s Opp. at 14–15, Dkt. 18; Def.'s Reply at 8–9, Dkt. 22.  Further, only "statements about extreme subjects, such as criminal behavior, serious sexual misconduct, a loathsome disease, or a person's suitability for his chosen profession," are considered defamatory as a matter of law.  *Smith*, 886 F.3d at 128 (citation and internal quotation marks omitted).  As

alleged, the defendant's statements do not satisfy this high bar. Though the defendant's statements did "cast doubt . . . over the KLEO Connect constellation and its commercial viability" and "accus[e] [the plaintiff] of fraud and deception," Compl. ¶¶ 44–45, Dkt. 1, the negative implications of such statements are insufficient to render them defamatory as a matter of law, *see Franklin v. Pepco Holdings, Inc.*, 875 F. Supp. 2d 66, 75 (D.D.C. 2012) ("The only general allegation Franklin makes regarding the effect of Pepco's statement on her is that it has hurt her reputation, which is insufficient to render it defamatory per se."); *Smith*, 886 F.3d at 128 ("[E]ven if Clinton's statements could be understood as casting Smith and Woods as liars, this unpleasant portrayal does not amount to defamation per se."). These statements relate to the plaintiff's professional reputation, but they do not, as the plaintiff contends, *see* Pl.'s Opp. at 13–14, rise to the level of defaming the plaintiff's suitability for its chosen profession. Because the plaintiff has not stated a claim for defamation as a matter of law, the Court will dismiss the plaintiff's defamation claim without prejudice.

Finally, the plaintiff has failed to state a tortious interference with contract claim because it has not sufficiently pleaded the third element. In the District of Columbia, to state a claim for tortious interference with contract a plaintiff must allege "(1) the existence of a contract, (2) [the] defendant's knowledge of the contract, (3) [the] defendant's intentional procurement of the contract's breach, and (4) damages resulting from the breach." *Cooke v. Griffiths-Garcia Corp.*, 612 A.2d 1251, 1256 (D.C. 1992). To support its claim of tortious interference, the plaintiff alleges only that the defendant knew of the Frequency Usage Agreement yet interfered with the plaintiff's rights under the contract by "claiming in the False Allegations that TRION had no further obligations to KLEO under the Frequency Usage Agreement." Compl. ¶ 57. This theory is contradicted by other allegations in the complaint. The plaintiff alleges that the defendant made

its defamatory statements on March 22, 2022, *id.* ¶ 34, but the Frequency Usage Agreement had already been terminated on March 2, *id.* ¶ 29.  Because the contract had already been terminated when the defendant allegedly made its statements, the complaint fails to allege that the defendant intentionally procured the breach of the contract through its statements.[1]  Accordingly, the Court will dismiss the tortious interference with contract claim without prejudice.

Although the Court need not treat the plaintiff's request to amend its complaint in its opposition brief as a motion for leave to amend the complaint, *see City of Harper Woods Emps.' Ret. Sys. v. Olver*, 589 F.3d 1292, 1304 (D.C. Cir. 2009), the Court will do so here in the interest of judicial economy because the plaintiff has explained the basis for amending its complaint and noted relevant proposed facts.  *See* Pl.'s Opp. at 14; Shey Decl., Dkt. 19; *Wharf, Inc. v. District of Columbia*, 321 F.R.D. 25, 29 (D.D.C. 2017).  And even though the defendant has indicated an intention to oppose the motion on timeliness and futility grounds, *see* Def.'s Reply at 12–13, the Court will exercise its discretion and allow the plaintiff to amend the complaint to include additional allegations relating to (1) whether the alleged statements are false and capable of defamatory meaning, (2) special damages, and (3) its tortious interference with contract claim.  *See*

---

[1] In reaching this conclusion, the Court will not consider the plaintiff's argument that its tortious interference with contract claim actually includes the defendant's "unlawful plan [in the second half of 2021] to take control of the board of TRION," Pl.'s Opp. at 17, because this argument was raised for the first time in its opposition to the defendant's motion to dismiss, *see Middlebrooks v. Godwin Corp.*, 722 F. Supp. 2d 82, 87 n.4 (D.D.C. 2010), *aff'd*, 424 F. App'x 10 (D.C. Cir. 2011).

Further, the plaintiff appears to have abandoned any argument that the defendant tried to interfere with the original Frequency Allocation contract, *see* Compl. ¶¶ 59–61, by failing to raise this theory in its opposition brief.  *See* Pl.'s Opp. at 17–18; *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003).  And even if the plaintiff did not waive this argument, the plaintiff has not stated a claim under this theory because it is unsupported by any factual allegations in the complaint.  *See* Compl.; *Johnson v. District of Columbia*, 49 F. Supp. 3d 115, 121 (D.D.C. 2014) ("Even at the motion-to-dismiss stage, conclusory allegations like these are not entitled to the presumption of truth." (citation and internal quotation marks omitted)).

Fed. R. Civ. P. 15(a)(2).  This case has only been pending since June 9, 2022, and this will be the plaintiff's first amended complaint.  The Court declines to address whether an amendment would be futile under Rule 15(a)(2) because it finds that those issues will be best presented squarely in a motion to dismiss the amended complaint under Rule 12(b)(6).

Accordingly, it is

**ORDERED** that the defendant's Motion to Dismiss, Dkt. 9, is **GRANTED**.  The plaintiff's complaint is dismissed without prejudice.  It is further

**ORDERED** that the plaintiff is **GRANTED** leave to amend its complaint.  The plaintiff shall file its amended complaint on or before December 1, 2022.

_____
DABNEY L. FRIEDRICH
United States District Judge

November 2, 2022