UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KLEO AG,

       *Plaintiff*,

v.

RIVADA NETWORKS, INC.,

       *Defendant*.

No. 22-cv-01664 (DLF)

**ORDER**

Before the Court is the defendant's Motion to Dismiss Amended Complaint, Dkt. 26. For the reasons that follow, the Court will grant the defendant's motion and again dismiss the plaintiff's amended complaint without prejudice.

On June 9, 2022, the plaintiff, KLEO AG, filed a complaint against the defendant, Rivada Networks, Inc., asserting claims of defamation and tortious interference with contract. Compl. ¶¶ 41–61, Dkt. 1. In an order dated November 2, 2022, the Court granted Rivada's motion to dismiss the complaint and granted KLEO leave to amend its complaint. Dkt. 23. The Court held that, even assuming that KLEO had identified verifiably false statements reasonably capable of defamatory meaning, KLEO's defamation claim would be dismissed for failure to allege damages.[1] Order at 2, Dkt. 23. KLEO had not pleaded special damages, and it failed to establish that any of the defamatory statements were actionable as a matter of law. *Id.* at 2–3. The Court

---

[1] Contrary to Rivada's briefs, *see* Def.'s Mem. at 8, Dkt. 27; Def.'s Reply at 2, Dkt. 30, the law-of-the-case doctrine does not require that the amended complaint be dismissed. In its previous order, the Court did *not* hold that the six statements identified in KLEO's complaint were not verifiably false and capable of defamatory meaning. It held only that KLEO had not sufficiently pled defamation as a matter of law or special damages. Order at 2–3.

also dismissed KLEO's tortious interference with contract claim. *Id.* at 3. KLEO has since filed an amended complaint containing only a defamation claim. Dkt. 24. Rivada has renewed its motion to dismiss the amended complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 26.

To state a claim for defamation, a plaintiff must sufficiently allege, among other things, "either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm." *Croixland Props. Ltd. P'ship v. Corcoran*, 174 F.3d 213, 215 (D.C. Cir. 1999). In its amended complaint, KLEO has failed again to plead this element of defamation. KLEO has not added allegations that Rivada's statements were defamatory as a matter of law or challenged the Court's previous ruling on this ground, *see* Pl.'s Opp. at 14 n.8, Dkt. 29. Nor has it sufficiently pleaded special harm.

An allegation of special damages must be "specifically stated." Fed. R. Civ. P. 9(g). Under that rule, a defamation plaintiff must "set[] forth the precise nature of [its] losses as well as the way in which the special damages resulted from the allegedly false publications." *Schoen v. Wash. Post*, 246 F.2d 670, 672 (D.C. Cir. 1957). "While it may not be necessary to provide the maximum degree of detail that [a] plaintiff might be capable of providing," Rule 9(g) "requires more" than "merely assert[ing] in general terms that [certain statements] cost [a plaintiff] financially." *Browning v. Clinton*, 292 F.3d 235, 246 (D.C. Cir. 2002) (cleaned up). A "boilerplate recitation, unaccompanied by any factual detail," is insufficient. *Smith v. Clinton*, 886 F.3d 122, 128 (D.C. Cir. 2018). But a plaintiff may satisfy Rule 9(g)'s pleading requirements by, for example, "identifying either particular customers whose business has been lost or facts showing an established business and the amount of sales before and after the disparaging publication, along with evidence of causation." *Browning*, 292 F.3d at 245.

KLEO has failed to do so here. Its amended complaint "contains no allegations remotely like those" in other cases where special damages were sufficiently pled. *Id.* at 246*; see Schoen*, 246 F.2d at 671–72 (plaintiff stated estimated decrease in gross income and alleged that defamatory statements caused existing and potential customers, including three named customers, to withdraw); *U.S. Dominion, Inc. v. Powell*, 554 F. Supp. 3d 42, 74–75 (D.D.C. 2021) (plaintiff alleged "economic harm in the form of additional expenses," including amount it was forced to spend on private security to protect employees from threats caused by defamatory statements). The sum total of KLEO's special damages allegations are that, after Rivada's statements, "many satellite manufacturers . . . refused to partner with [it] in the planned satellite project," Am. Compl. ¶ 42, Dkt. 24; "some of these manufacturers expressed their belief that [its] satellite project appeared likely to fail," *id.*; "a well-known leading European space expert and paid contractual consultant refused to continue providing services related to [its] satellite project," *id.* ¶ 43; "many employees in the technical and regulatory team working on [its] satellite project left to join Rivada," *id.* ¶ 44; and "the Liechtenstein Office of Communication approved the transfer of the relevant spectrum frequency rights from TRION to Rivada," *id.* ¶ 45. Absent from these allegations are any specific statements about the precise nature of KLEO's damages, such as explanation of what kinds of harm the lost relationships caused. *See Browning*, 292 F.3d at 246 (special damages not pleaded where plaintiff's complaint "neither quantifie[d] her loss nor identifie[d] any lost business relationships"). Nor does KLEO offer any factual assertions that would support a causal connection between Rivada's statements and any harm. *See id.* (special damages not pleaded because plaintiff did not "allege[] . . . facts suggesting causation"). Indeed, this Circuit has found allegations even more specific than KLEO's insufficient to satisfy Rule 9(g). *See id.* (allegation that "as a proximate result of the publication of [the defendant's statements],

[the plaintiff was not] able to sell the publishing and other rights to the manuscript," resulting in damages of "marketing and other business expenses incurred, loss of goodwill, [and] emotional distress and mental anguish" (cleaned up)).  KLEO's barebones allegations, without more, fail to either "adequately notif[y] both [Rivada] and the [C]ourt as to the nature of the claimed damages" or set forth a causal connection between Rivada's statements and any damages.  *Schoen*, 246 F.2d at 672.  Because KLEO has not plausibly pleaded either that Rivada's statements were actionable as a matter of law or that those statements caused KLEO special harm, the Court will again dismiss its amended complaint and grant KLEO an opportunity to address these deficiencies by filing a second amended complaint.

    Accordingly, it is

    **ORDERED** that the defendant's Motion to Dismiss Amended Complaint, Dkt. 26, is **GRANTED**.  The plaintiff's amended complaint is dismissed without prejudice.  It is further

    **ORDERED** that on or before April 7, 2023, the plaintiff shall either file a second amended complaint or dismiss this case.  If the plaintiff files a new complaint, the defendant may either renew its motion to dismiss or answer the second amended complaint.

_____
DABNEY L. FRIEDRICH
United States District Judge

March 7, 2023